IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**PETE DAVIS,**

           Petitioner,

    v.                                  CASE NO. 03-3159-RDR

**U.S. BUREAU OF PRISONS,**

           Respondent.

### O R D E R

Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. 2241. Having reviewed the record which includes respondent's answer and return, the court finds this matter is ready for decision.

While incarcerated in a federal facility in Leavenworth, Kansas, petitioner filed the instant application to seek additional jail credit toward a sentence imposed in his 2002 criminal action in which he was convicted as a felon in possession of a firearm.[1] This criminal charge arose from petitioner's arrest on January 23, 2002, for violating the terms of his supervised release in a 1994 criminal action in which petitioner was convicted on a charge of distributing cocaine.[2] On February 11, 2002, the court in the 1994 criminal case revoked petitioner's supervised release and imposed a two year sentence. On that sentence, petitioner received nineteen days credit for

---

[1] See U.S. v. Davis, 02-20017-CM (D.Kan.)(Felon in Possession).

[2] See U.S. v. Davis, 94-20086-JWL (D.Kan.)(Supervised Release).

confinement following his arrest on January 23, 2002, until February 10, 2002.

Thereafter, petitioner was convicted on the Felon in Possession charge and was sentenced on July 29, 2002, to a 52 month prison term. The court ordered concurrent service of that prison term with the 24 month Supervised Release sentence in the 1994 criminal case. On the 52 month sentence, petitioner was again granted credit for his nineteen days of pre-sentence confinement between January 23 and February 10.

Petitioner argues he is entitled to jail time credit on his 52 month sentence for the entire time he was confined prior to sentencing in that case, namely from his arrest until July 28, 2002. Petitioner exhausted administrative remedies on this claim without success, and now seeks relief on this claim in the instant habeas petition.

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2241(c)(3). Petitioner demonstrates no such violation of federal law in this case.

Petitioner's sentence is controlled by 18 U.S.C. 3585, which prohibits double credit for pre-sentence custody that has been credited against another sentence. 18 U.S.C. 3585(b). Once petitioner was sentenced on February 11, 2002, for violating the terms of his supervised release in the 1994 case, he began receiving credit against that sentence for his continuing confinement. Nineteen days of pre-sentence confinement following his arrest was credited toward that 24 month sentence.

Notwithstanding the outstanding 2002 criminal firearm charge against petitioner, once the 24 month sentence was imposed in the 1994 criminal case, further jail credit for petitioner's continued custody was precluded by a plain reading of 18 U.S.C. 3585(b).[3]  The 24 and 52 month prison terms began to run concurrently only after the 52 month prison term was actually imposed on July 29, 2002.  Petitioner's attempt to effect concurrent service of both sentences between February 11 and July 28, 2002, has no merit.

Finding no error in the computation of petitioner's sentence, the court concludes petitioner is entitled to no relief under 28 U.S.C. 2241.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus under 28 U.S.C. 2241 is denied.

DATED:  This 3rd day of August 2005, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

---

[3] 18 U.S.C. 3585(b) reads:
(b) Credit for prior custody. -
A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.